CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 18, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Paramount Property Services, LLC *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-00077 |
| | ) | |
| Ronnel V. Kimble, Jr. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

After several disputes at the Frederick County landfill, the landfill manager suspended a dumpster rental and hauling company's disposal privileges to the landfill indefinitely. The company, its owner, and his wife together sued the landfill manager, the county's Board of Supervisors, and one of the company's competitors, alleging due process violations, conspiracy, and tortious interference with a contract.

This matter is before the court on Defendants' motions to dismiss (Dkts. 28, 30), and Plaintiffs' motion for leave to amend, (Dkt. 42). For the reasons stated below, the court will grant the motion to dismiss filed by the landfill manager and the Board and deny the remaining two motions as moot.

## I.     Background

Plaintiff Paramount Property Services, LLC ("Paramount") is a family-owned hauling and dumpster rental business that serves customers across several counties in Virginia. (Am.

Compl. ¶ 10 (Dkt. 3).)  Plaintiff Carter Lee Loar ("Mr. Loar") is the owner of Paramount, and he is married to Plaintiff Dorrice Francies Loar ("Mrs. Loar").  (*Id.* at 1, ¶¶ 2, 3.)

To service its customers effectively, Paramount requires access to and waste disposal privileges at landfills, preferably those that are nearest to the customer's site.  (*Id.* ¶¶ 10, 11.) One of these landfills is the Frederick County Regional Landfill ("County Landfill"), which is managed by Defendant Ronnel Kimble. (*Id.* ¶¶ 4, 10.)  According to Plaintiffs, Defendant Ridgerunner Container, L.L.C. ("Ridgerunner")—a competitor of Paramount's—conspired with Kimble to prohibit Paramount from being able to use the landfill by following Paramount's trucks and "paint[ing] Paramount as a business that routinely violates the County Landfill's rules." (*Id.* at 2, ¶ 14.)  During "multiple heated arguments with Mr. Loar," Kimble claimed that Paramount was "misusing the County Landfill."  (*Id.* ¶¶ 15.)  Additionally, Ridgerunner's owner, Ross Hewitt, allegedly made a false report to the police that "Mr. Loar was carrying a gun in his vehicle and was driving in a compromised mental state," to tarnish and harm Paramount's reputation.  (*Id.* ¶ 17.)  And Plaintiffs contend that Ridgerunner approached one of Paramount's major clients, Lennar, to steal Paramount's business, based on the information it obtained from Kimble that Paramount had been banned from the landfill. (*Id.* ¶¶ 18–19.)

Kimble suspended Paramount from using the County Landfill because of overdue balances and refused to lift the ban even after the balances were cleared. (*Id.* ¶¶ 20–21.)  In response, Paramount's counsel wrote to Kimble and the County Attorney and the County Administrator of Frederick County in July and August 2023, respectively, asking what would

be required of Paramount to restore access to the landfill.  (*Id.* ¶ 22–24.)  As of the filing of this action in October 2025, Paramount and any subcontractors or other businesses in which Mr. Loar or his immediate family have any interest remain banned indefinitely from using the landfill.  (*Id.* ¶¶ 26–27.)  Additionally, a no-trespass notice for the County Landfill is in place against Mr. Loar.  (*Id.* ¶ 27.)

Plaintiffs filed an amended complaint on October 22, 2025, against Kimble, the Frederick County Board of Supervisors ("the Board"), and Ridgerunner.  (*See id.* at 1–2.) Plaintiffs allege that the indefinite ban that prohibits their access to the County Landfill violates the Virginia Constitution (Count I) and the United States Constitution (Count II); that the Frederick County Ordinance allowing the landfill manager to suspend disposal privileges violates both the Virginia and the United States Constitutions and Virginia law (Count III); that Ridgerunner and Kimble tortiously interfered with Paramount's contracts (Count IV); and that Kimble and Ridgerunner conspired to injure Paramount (Counts V and VI).  (*Id.* ¶¶ 28–75.)

Ridgerunner filed a motion to dismiss for failure to state a claim on November 24, 2025. (Dkt. 28.)  Kimble and the Board (collectively, the "Government Defendants") filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on December 2, 2025.  (Dkt. 30.)  Plaintiffs filed a consolidated response on December 16.  (Pl.'s Resp. (Dkt. 34).)  The Government Defendants replied on December 23, (Dkt. 35), and Ridgerunner replied on December 30, (Dkt. 36).  On February 3, 2026, Plaintiffs filed a motion for leave to amend their amended complaint.  (Dkt. 42.)

## II.    Standard of Review

Challenges to subject matter jurisdiction brought under Federal Rule of Civil Procedure 12(b)(1) may take one of two forms: (1) a facial challenge, which asserts the "complaint simply fails to allege facts upon which subject matter jurisdiction can be based"; or (2) a factual challenge, which asserts "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  When a defendant raises a facial challenge to subject matter jurisdiction, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  *Id.*

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  They do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   In reviewing a motion to dismiss for failure to state a claim, "a court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Bing*, 959 F.3d at 616.

### III.    Analysis

**A.  Section 1983 Claim Against Kimble and the County (Count II)**

The court starts its analysis with Count II.  Plaintiffs allege that Kimble and the County deprived them of their constitutional due process rights under the Fourteenth Amendment by banning them from the landfill "without any process of law."  (Am. Comp. ¶¶ 31–36.)

As a threshold matter, Mr. and Mrs. Loar do not have Article III standing to bring Count II as individuals.  The suspension letter prohibits Paramount and "any subcontractors or other businesses that [Mr. Loar] or [his] immediate family have interest in" from using the County Landfill for waste disposal.  (*See* Am. Compl. ¶ 27; Dkt. 31-2 at 2.)  Mrs. Loar does not allege that she owns an interest in Paramount or any other business.  And Mr. Loar's interest in Paramount, or any other business for that matter, does not give him standing to sue for damages he suffered based on alleged injuries to the business.  *See Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 347–48 (4th Cir. 2013) (explaining that Plaintiffs, by "elect[ing] to conduct their business through [an LLC] . . . gave up standing to claim damages to the LLC, even if they also suffered personal damages as a consequence.")  This would be the case even if Mr. or Mrs. Loar were the only member of an LLC.  *Matthews v. HSBC Bank USA*, No. 1:14-cv-00810, 2014 WL 12538173, at *1 (E.D. Va. July 25, 2014) (finding that the sole and managing member of an LLC "has no standing to state a claim" for personal damage suffered as a consequence of damage to the LLC).

Further, the suspension letter does not apply to Mr. or Mrs. Loar as individuals.  Mr. Loar alleges he is prohibited entirely from physically accessing the County Landfill due to a

no-trespass notice. (Am. Compl. ¶ 27.) But the amended complaint does not challenge the process under which the no-trespass notice was issued to Mr. Loar. The only mention of the no-trespass notice in the amended complaint is that "[t]he County Landfill continues to maintain a no-trespass notice . . . ." (*Id.*) Additionally, there is no allegation in the complaint that states Mrs. Loar was prohibited from physically accessing the landfill. Accordingly, Mr. and Mrs. Loar do not have standing as individuals to bring Count II against Defendants.

While Paramount, unlike the individual Plaintiffs, has standing to bring Count II, it fails to state a claim for relief. Plaintiffs allege that the suspension letter violated the Fourteenth Amendment because it was issued "without any process of law . . . much less due process . . . ." (*Id.* ¶ 33.) But, to adequately allege a due process violation, Plaintiffs must first show that they have a protected property interest in access to the County Landfill. *Siena Corp. v. Mayor of Rockville*, 873 F.3d 456, 461 (4th Cir. 2017) ("[O]ne can only be deprived of a constitutionally protected property interest if one had such an interest to begin with."). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it" or a "unilateral expectation of it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Instead, he must have "a legitimate claim of entitlement to it." *Id.*

The Constitution protects property interests, but it does not create them. Rather, property interests are "created" and "defined" by "independent sources[s]" such as "state statutes, contracts, regulations, or policies." *Doe v. Alger*, 175 F. Supp. 3d 646, 656–57 (W.D. Va. 2016) (citing *Roth*, 408 U.S. at 576–78); *see also Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 860 (4th Cir. 2001); *Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712, 720

(E.D. Va. 2015) ("[A] protected property interest only exists when some independent source beyond the Fourteenth Amendment creates that interest").

Here, Plaintiffs fail to provide a source of the asserted property interest. In other words, they do not point to any authority under Virginia law or local ordinances that creates an entitlement or a right for them to access the County Landfill. This alone calls for dismissal. *See Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 336 (E.D. Va. 2005) (dismissing a due process claim where the plaintiff could not point to a state law source for the entitlement); *Doe v. Rector & Visitors*, 132 F. Supp. 3d at 721 & n.9 ("[B]ecause the [second amended complaint] fails to allege the existence of a qualifying property interest, it is appropriate in this case to do as other courts have done,[] namely to dismiss the claim as insufficiently pled."); *Doe v. George Mason Univ.*, No. 1:19-cv-01249, 2020 WL 14000928, at *19 (E.D. Va. Apr. 23, 2020) (finding that the plaintiff "fail[ed] to plead the existence of any property interest because he has not identified a source from which that right would flow.").

Plaintiffs argue that "once a government creates" property like a public landfill, "it must adhere to the constitutional minimum standards in treating citizens equally with sufficient due process." (Pl.'s Resp. at 8–9.) It is true that when governments grant or deny permits or licenses, they must afford procedural due process to applicants. *See Richardson v. Town of Eastover*, 922 F.2d 1152, 1156 (4th Cir. 1991) ("A license issued by the state which can be suspended or revoked only upon a showing of cause creates a property interest protected by the Fourteenth Amendment."); *Hogge v. Hedrick*, 391 F. Supp. 91, 109 n.6 (E.D. Va. 1974) ("There is authority that a governmental agency exercising judicial power when granting or

denying permits or licenses must always afford an applicant procedural due process . . . .").

But Plaintiffs do not allege that Paramount ever needed to apply for or ever received a permit

or license under state law to access the County Landfill for waste disposal.  Nor do they allege

that the County has no discretion to deny their access to the landfill.  *See Gardner v. City of Balt.*

*Mayor*, 969 F.2d 63, 68 (4th Cir. 1992) ("[W[hether a property-holder possesses a legitimate

claim of entitlement to a permit or approval turns on whether . . . the local agency lacks *all*

discretion to deny issuance of the permit or to withhold its approval." (emphasis added)).  The

court therefore finds that Plaintiffs fail to sufficiently allege a protected property interest in

access to the County Landfill.

### B.  Declaratory Judgment (Count III)

Plaintiffs ask the court to declare that "§ 142-57 of Frederick County's Ordinances and

its related Ordinances [are] unconstitutional, unenforceable, without any legal effect, and

invalid" because they are "inconsistent" with Virginia Law, the Virginia Constitution, and the

Constitution of the United States of America.  (Am. Compl. ¶ 49.)  Plaintiffs bring this claim

under the Declaratory Judgment Act.  (*Id.* ¶ 38.)

A claim under the Declaratory Judgment Act "does not confer [federal] jurisdiction"

where it does not otherwise exist. *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 221 n.7 (4th

Cir. 2001); *see also Gibraltar, P.R., Inc., v. Otoki Group, Inc.*, 104 F.3d 616, 619 (4th Cir. 1997)

(noting that the Declaratory Judgment Act "does not provide a source of jurisdiction which is

independent of substantive federal law").  Given the court will dismiss Count II, there are no

remaining independent claims that would confer federal subject matter jurisdiction to Count

III.  Therefore, the court cannot exercise subject matter jurisdiction over Count III.  *See Wood v. Bank of Amer., N.A.*, No. 5:26-cv-00008, 2026 WL 1499050, at \*3 (W.D. Va. May 28, 2026) (explaining that "federal courts may hear declaratory judgment actions only in cases otherwise within the jurisdiction of the district court" (quoting *Deutsch Bank Nat'l Tr. Co. v. Fegely*, No. 3:16-cv-00147, 2017 WL 10403450, at \*2 (E.D. Va. Feb. 16, 2017))).

## C.  State Law Claims (Counts I, IV, V, and VI)

If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  And a district court "may decline to exercise supplemental jurisdiction" when it has "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(a); *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024).  The court does not have federal question jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1331.  And diversity jurisdiction does not appear to be satisfied on the face of the Complaint.[1]

District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."  *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  The factors that inform this discretionary decision include "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Id.*  This case is still in the early stages of litigation, as discovery has yet to begin.  (*See* Dkt. 48 ¶ 1.)  Thus, declining to exercise

---

[1] Plaintiffs have the burden of establishing subject matter jurisdiction.  *Demetres v. East West Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).  Plaintiffs' factual allegations in the amended complaint indicate that all parties are citizens of Virginia.  (*See* Am. Compl. ¶¶ 1–6.)

jurisdiction would not be "inconvenient, unfair, or wasteful of judicial resources." *Henderson*, 102 F.4th at 252. When a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims. *Id.* at 251; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Accordingly, the court will decline to exercise supplemental jurisdiction over Counts I, IV, V, and VI, and will dismiss those claims without prejudice.

## IV.    Conclusion

For the foregoing reasons, the court will grant the Government Defendants' motion to dismiss. (Dkt. 30.) Count II will be dismissed for failure to state a claim, and Counts I, III, IV, V, and VI will be dismissed for lack of subject matter jurisdiction. All claims in the amended complaint will be dismissed without prejudice. Because the court will dismiss the claims against Ridgerunner for lack of subject matter jurisdiction, the court will deny as moot Ridgerunner's motion to dismiss for failure to state a claim. (Dkt. 28.)

Plaintiffs' motion for leave to amend, (Dkt. 42), will be denied, as it seeks to amend only a claim over which the court declined to exercise subject matter jurisdiction. Should Plaintiffs wish to further amend their complaint, they are directed to file a motion for leave to amend within 21 days, attaching as an exhibit a copy of the proposed second amended

complaint that shows how the amended pleading differs from the dismissed amended complaint.

An appropriate Order will issue.

**ENTERED** this 18th day of June, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE